```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

ADAM DISARRO,

    Plaintiff,

v.                                  Case No:  2:23-cv-230-JES-KCD

EZRICARE, LLC, EZRIRX, LLC,
ARU PHARMA, INC., and
AMAZON.COM, INC.,

    Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendant Amazon.com, Inc.'s Motion to Dismiss Count III (Doc. #73), EzriRx LLC's Motion to Dismiss Second Amended Complaint (Doc. #74), and EzriCare LLC's Joinder with Amazon's Motion to Dismiss (Doc. #75), all filed on August 22, 2023.  Plaintiff filed a Response to EzriRx's Motion to Dismiss (Doc. #79) and Opposition to Defendants' Amazon.com, Inc. and EzriCare, LLC's Motion to Dismiss Count III (Doc. #80) on September 22, 2023.  On October 6, 2023, Amazon.com, Inc. filed a Reply (Doc. #85) with leave of Court.  For the reasons set forth below, Count III of the Second Amended Complaint is dismissed, and EzriRx LLC's motion is denied.

**I.**

On April 11, 2023, plaintiff filed an Amended Complaint (Doc. #17). On July 25, 2023, after reviewing defendants' motions to dismiss the Amended Complaint, the Court issued an Opinion and Order (Doc. #71): (1) denying EzriRx, LLC's motion to dismiss for lack of personal jurisdiction, finding both general and specific jurisdiction sufficiently alleged, id. at pp. 2-12; (2) denying a second motion to dismiss for various reasons, id. at pp. 12-20, and (3) granting dismissal of Count III because plaintiff conceded the issue and asked for leave to amend. Plaintiff filed a Second Amended Complaint (Doc. #72) on August 8, 2023, which is now the operative pleading.

In response to the Second Amended Complaint, Amazon and EzriCare, LLC (by joinder) argue that Count III should be dismissed because it continues to rely on a statute that does not create a private cause of action. EzriRx filed another motion renewing its request to dismiss for lack of personal jurisdiction. The Court addresses the claim in Count III, and then the personal jurisdiction issue.

**II.**

In Count III, plaintiff alleges a claim of negligence per se. Count III alleges defendants had a duty to comply with all applicable state regulations intended to ensure the purity and

2

safety of their products, including the requirements of Chapter 499, Florida Drug and Cosmetic Act (the FDCA). Count III further alleges that defendants failed to comply with the provisions of the FDCA and they were negligent per se in the manufacturing, packaging, labeling, distribution, storage, and/or sale of products adulterated with *Pseudomonas aeruginosa*. Count III asserts that Plaintiff was in the class of persons intended to be protected and he was injured as a direct and proximate result of the violation of the FDCA. (Doc. #72, ¶¶ 48-53.)

Amazon and EzriCare argue that Count III in the Second Amended Complaint must be dismissed because there is no private right of action under the FDCA. The Court agrees with Defendants.

In Florida, "legislative intent ... should be the primary factor considered by a court in determining whether a cause of action exists when a statute does not expressly provide for one." Murthy v. N. Sinha Corp., 644 So. 2d 983, 985 (Fla. 1994) (citation omitted). "Absent a specific expression of such intent, a private right of action may not be implied." United Auto. Ins. Co. v. A 1st Choice Healthcare Sys., 21 So. 3d 124, 128 (Fla. 3d DCA 2009). See also United Auto. Ins. Co. v. Buchalter, 344 So. 3d 474, 477 (Fla. 4th DCA 2022) (citing A 1st Choice Healthcare Sys.).

The FDCA does not expressly provide a private cause of action. "Legislative intent, as evidenced by the language and structure of

3

the Act, does not support the conclusion that the Florida Drug and Cosmetic Act impliedly provides a private cause of action." T.W.M. v. Am. Med. Sys., Inc., 886 F. Supp. 842, 845 (N.D. Fla. 1995). "The FDCA expressly prohibits private claims for violations of that statute, 21 U.S.C. § 337(a), strongly evidencing a legislative intent *not* to create a private cause of action. Under Florida law, therefore, Plaintiff cannot use a negligence *per se* claim to create a private cause of action for Defendant's alleged violations of the FDCA." Blinn v. Smith & Nephew Richards, Inc., 55 F. Supp. 2d 1353, 1361 (M.D. Fla. 1999). See also Metz v. Wyeth LLC, 872 F. Supp. 2d 1335, 1343 (M.D. Fla. 2012), aff'd, 525 F. App'x 893 (11th Cir. 2013) (negligence per se claim is subject to dismissal because it is not recognized under Florida law) (collecting cases); Markland v. Insys Therapeutics, Inc., 270 F. Supp. 3d 1318, 1331 (M.D. Fla. 2017), aff'd, 758 F. App'x 777 (11th Cir. 2018) (Florida law bars using state negligence actions to recover for FDCA violations) (collecting cases).

In the Second Amended Complaint, Count III is based entirely on the alleged violation of the FDCA. Since there is no private cause of action under the FDCA, the motion to dismiss Count III is granted.

III.

EzriRx filed a separate motion arguing that "Plaintiff's allegations against EzriRx in his Second Amended Complaint remain unchanged from his previous two Complaints. Plaintiff still cannot sustain personal jurisdiction against EzriRx…." (Doc.#74, p. 2.) Plaintiff responds that defendant should not get a "second bite at the apple because it disagrees with the Court's findings by regurgitating the same failed arguments." (Doc. #79, p. 2.) The Court previously concluded that it did have personal jurisdiction over defendant EzriRx, and therefore the Court construes the motion as simply seeking to preserve an issue or as requesting reconsideration of the prior determination. Under either construction, the motion is denied.

Defendant argues that it is not at home in Florida such that it is subject to general jurisdiction under Daimler AG v. Bauman, 571 U.S. 117, 125 (2014). Defendant further argues that plaintiff has plead no facts that create an exception to the rule that general jurisdiction lies in the State of incorporation or the principal place of business, both of which are in New Jersey. Defendant also argues that personal jurisdiction is not tied to plaintiff's claim because plaintiff's claims arise out of the purchase of Artificial Tears through Amazon. (Doc. #74, pp. 3-6.)

Defendant raised these same arguments in its original motion, and the Court understood defendant's positions. The Court finds no reason in the current motion to alter its determination that personal jurisdiction has been shown at this stage of the proceedings. The motion to dismiss for lack of personal jurisdiction will be denied.

Accordingly, it is now

**ORDERED**:

1. Defendant Amazon.com, Inc.'s Motion to Dismiss Count III (Doc. #73) is **GRANTED** and Count III is dismissed with prejudice.

2. Defendant EzriRx LLC's Motion to Dismiss Second Amended Complaint (Doc. #74) is **DENIED.**

3. Defendant EzriCare LLC's Joinder with Amazon's Motion to Dismiss (Doc. #75) is accepted. The Motion to Dismiss Count III is **GRANTED** and Count III is dismissed with prejudice.

**DONE AND ORDERED** at Fort Myers, Florida, this ___11th___ day of October 2023.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Parties of record